FILED

2016 MAY 23 AM 11:15

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL WILDER,
individually,
    Plaintiff,

CASE NO.:

6:16-CV-874-orl-18DAB

v.

CIRCLE K STORES, INC.,
a foreign corporation,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, DANIEL WILDER, brings this lawsuit against the above captioned Defendant, CIRCLE K STORES, INC. ("Circle K" or "Defendant) for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay lawful overtime compensation.

### INTRODUCTION

    1.    Overtime requirements of the FLSA were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) & 207(a). It requires minimum wage and overtime pay for non-exempt employees. 29 U.S.C. Sec. 213.

    2.    Plaintiff worked for Defendant from April 2013 until August 2015, at one of Defendant's store locations where he was designated as a "Store Manager."

    3.    Plaintiff was paid on a salary basis and improperly classified by Defendant as an exempt employee under the FLSA. Defendant used its misclassification of Plaintiff to deny him

1

overtime compensation under the FLSA for hours worked for Defendant in excess of forty (40) hours per workweek.

4. Based on the foregoing, Plaintiff sues Defendant, Circle K, for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff overtime compensation and (2) failing to maintain and preserve accurate records of all hours worked.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive.

6. This Court has personal jurisdiction over this action because the Defendant is engaged in business within the state of Florida.

7. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because acts complained of herein took place in this District.

## THE PARTIES

8. At all times relevant to this action, Plaintiff Daniel Wilder, resided in Orange County, Florida.

9. Plaintiff worked as a Store Manager during his employment with Circle K from April 2013 until his termination on or about August 19, 2015.

10. Defendant Circle K is a for-profit corporation, which owns and operates convenience stores across the United States, with its principle place of business at 1130 W. Warner Rd., Building B, Tempe, Arizona 85284.

11. Circle K is one of the nation's largest convenience store chains, and is a part of a larger global network of convenience stores organized under a Canadian Corporation, Couche-

Tard, with nearly 8,000 stores globally.

12. Circle K conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

13. Circle K had more than $500,000 in revenues for the years of 2012 through 2016.

14. At all relevant times, Circle K has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

## GENERAL ALLEGATIONS

15. At all relevant times, Plaintiff worked for Defendant at one of its store locations in Orange County, Florida.

16. Plaintiff regularly and customarily worked well in excess of forty (40) hours per workweek on behalf of Circle K in the performance of his duties.

17. Plaintiff was supervised by a District Manager who oversaw the management of several stores at a time.

18. Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

19. At all times relevant to this action, Circle K employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

20. Plaintiff was misclassified by Defendant as exempt employee who was not entitled to receive overtime compensation under the FLSA for hours that he worked on behalf of Defendant in excess of forty (40) hours per week.

21. Despite Defendant's classification of Plaintiff as exempt from the FLSA, his

primary duties, responsibilities and actual circumstances of his work make clear that he was not exempt under the FLSA.

22. Plaintiff was not a manager, administrator, or executive as those terms are defined pursuant to the FLSA.

23. Plaintiff's primary job duty was not to supervise subordinate employees or manage Defendant's enterprise, as that term is defined under the FLSA.

24. Plaintiff spent the majority of his time at work performing unskilled job duties including unloading trucks, stocking shelves, cleaning restrooms, running cash registers, setting up floor displays, stocking coolers, sweeping, mopping, changing gas price letters, completing reports, making coffee, cleaning the parking lot, taking out the trash, and low level general maintenance.

25. Plaintiff also spent a small portion of his time driving to competitors for cigarette pricing, painting, performing clerical work related to payroll and other previously established and set form duties as directed by the District Manager.

26. Plaintiff did not have the authority to hire or fire employees. Although he would meet with potential employment candidates first, the District Manager would interview and make hiring decisions.

27. Plaintiff could not set pay, provide pay raises to employees, promote employees, or make any other type of personnel decision.

28. Plaintiff did not perform job duties, which involved the exercise of discretion or independent judgment, nor did he enjoy the authority to make independent decisions on matters that affected the business as a whole or any significant part of the business. The job duties did not include engaging in any type of analysis. Rather, he simply followed corporate procedures in

performing job duties that did not involve menial tasks.

29. Plaintiff had no authority to authorize repairs. Instead, he had to call in the problem to a District Manager and then wait for Defendant to select someone and send them to fix it.

30. Plaintiff could only handle minor customer disputes. All larger disputes were handled by the District Manager.

31. Plaintiff was paid a weekly salary and was scheduled to work in excess of forty (40) hours per week.

32. Despite the set schedule, Plaintiff consistently averaged closer to seventy (70) hours per week and consistently worked many more hours in a given week. Plaintiff was required to cover shifts for other employees who were absent, thus performing more menial job duties such as cashiering and stocking.

33. Defendant has a reputation for lawfully and unlawfully minimizing the amount of overtime hours that it has to pay to its hourly employees working in its store locations across the nation.

34. Defendant engaged in a systematic practice of using and forcing its salaried Store Manager employees who do not receive overtime pay to work many hours in order to avoid having to pay its hourly employees for overtime work.

35. Plaintiff spent the great majority of his time while employed performing menial job duties, unrelated to management of Defendant's stores or enterprise, as that term is contemplated in the FLSA.

36. The Defendant willfully violated §207 of the FLSA by failing to pay Plaintiff the proper overtime compensation for all hours worked in excess of forty (40) per week.

37. The FLSA provides that employers must pay employees overtime of at least one

and one-half times their regular rate of pay for any hours over forty (40) worked in a week.

38. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for work in excess of forty (40) hours per week.

39. No exemption applies to the Plaintiff in the instant matter.

40. Plaintiff alleges that Defendant's failure to pay overtime and other compensation was and is knowing and willful. Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## FAILURE TO MAINTAIN TRUE & ACCURATE RECORDS OF HOURS WORKED

41. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of Defendant.

42. However, and to the extent records are unavailable, Plaintiff may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

43. All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

44. With respect to an employee subject to the minimum wage provisions the following records must be kept:

    a. Personal information, including employee's name, home address, occupation, sex, and birth date if under 19 years of age;

    b. Hour and day when workweek begins;

    c.    Regular hourly pay rate for any week when overtime is worked;

    d.    Total hours worked each workday and each workweek;

    e.    Total daily or weekly straight-time earnings;

    f.    Total overtime pay for the workweek;

    g.    Deductions from or additions to wages;

    h.    Total wages paid each pay period; and

    i.    Date of payment and pay period covered.

45. Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. § 215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

46. Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. *See,* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

47. An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999), *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

48. Defendant failed to accurately record or report Plaintiff's time records.

49. Defendant failed to create and then preserve records, to determine Plaintiff's wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2

and 29 U.S.C. §§ 211, and 216.

## OVERTIME DUE UNDER THE FLSA

50. Paragraphs one (1) through forty-nine (49) are re-alleged as if fully set forth herein.

51. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

52. Defendant has a policy and practice of refusing to pay overtime compensation to Store Managers for the hours worked in excess of forty (40) hours per week.

53. Defendant knowingly and willfully failed to pay Plaintiff overtime compensation at the appropriate legal rate for all hours he performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §§ 206 and 207.

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Due to Defendant's FLSA violations, Plaintiff alleges he suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, Daniel Wilder, prays that:

a. Circle K is found in violation of the overtime compensation provisions of the FLSA and that the Court finds that Circle K's violations of the FLSA were and are willful;

b. He receives overtime compensation for all the previous hours worked over forty (40) hours, that he did not receive at least one and one-half time compensation for, in any given

week during the past three years, and liquidated damages of an equal amount of the unpaid overtime compensation; in addition interest on said award pursuant to § 216 of the FLSA.

  c. That the Court award him attorneys' fees and costs pursuant to § 216 of the FLSA; and

  d. That the Court award any other legal and equitable relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated: 5/20/2016

Respectfully submitted,

N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)