# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DANIEL WILDER,**

        **Plaintiff,**

**v.**                                                    **Case No: 6:16-cv-874-Orl-41DCI**

**CIRCLE K STORES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT (Doc. 27)**
>
> **FILED:**     **July 27, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.   BACKGROUND

On May 23, 2016, Plaintiff filed a complaint against Defendant alleging a cause of action for violation of the overtime provisions of the Fair Labor Standards Act (the FLSA). Doc. 1. On June 27, 2016, Defendant filed its Answer and Defenses to Plaintiff's Complaint. Doc. 7.

On July 27, 2017, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement). Docs. 27; 27-1. The Agreement provides that Defendant will pay Plaintiff $12,500.00 to settle Plaintiff's FLSA claim, $6,250.00 for unpaid wages and $6,250.00 for liquidated damages. Doc. 27-1 at 2. The Agreement further provides that Defendant will pay Plaintiff $12,500.00 in attorney fees and costs.

*Id*.  The parties request that the Court approve the Agreement and dismiss the case with prejudice. Doc. 27.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III. ANALYSIS

**A. Settlement Amount.**

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. Docs. 1; 7; 27. These disputed issues included the rate at which Plaintiff's overtime would be calculated, whether Plaintiff was paid for all hours worked, whether Plaintiff's complaint was barred by the applicable statute of limitations, whether any alleged violations would be found to be willful, whether the Court would award liquidated damages in light of Defendant's "good faith" defense, and whether Plaintiff was exempt from the minimum wage and maximum hours provisions of the FLSA. Doc. 27 at 3-4.

In their Motion, the parties represented the following: that the parties have engaged in voluminous and extensive discovery resulting in an in-depth analysis of time sheets, pay records, corporate policy manuals, confidential corporate organizational documents, email records, and

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

testimonial evidence obtained from eyewitnesses; that the parties engaged in lengthy settlement negotiations throughout the course of this litigation; that the parties, through counsel, met in person at the case management conference and engaged in numerous telephone conferences, culminating in a full-day mediation with mediator James Brown, Esq.; that discrete evidentiary issues existed concerning prior conduct and credibility of witnesses; that Plaintiff would have been required to demonstrate that Defendant had knowledge of the overtime allegedly worked; and that the settlement represents a reasonable compromise given the facts, risks, and disputed issues in this case.

Based upon the foregoing, the undersigned finds that $12,500.00 is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds the Agreement does not contain a general release. Doc. 27-1. However, the Agreement does contain a confidentiality provision.[4] *Id*. at ¶ 8.

---

[4] The confidentiality provision provides, in part, as follows:

> Neither party shall disclose, or authorize anyone else to disclose, the existence of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Plaintiff has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than Plaintiff's spouse, either Party's attorney(s), and/or either Party's tax and financial advisor(s), except (i) to the extent such disclosure may be required for accounting or tax reporting purposes, (ii) as expressly provided in this Agreement, or (iii) as required by law. . . . If either Party is asked about the Allegations, he or it will respond by saying only, "The matter has been resolved."

Doc. 27-1 at ¶ 8.

Courts in this circuit routinely strike confidentiality provisions in FLSA settlement agreements as unenforceable and contrary to the legislative purpose of the FLSA. *See, e.g.*, *Ramnaraine v. Super Transp. of Fla.. LLC*, 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3-4 (M.D. Fla. Mar. 18, 2016) (stating that confidentiality clauses contained in FLSA settlement agreements "thwart Congress's intent to ensure widespread compliance with the FLSA") (citations and internal quotations omitted), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016); *Santiago-Valle v. The Transition House, Inc.*, 6:15-cv-715-Orl-40GJK, 2015 WL 9244681, at *1-2 (M.D. Fla. Dec. 18, 2015); *Menjiva v. E & L Const. Serv., LLC*, No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015); *Pariente v. CLC Resorts and Devs., Inc.*, 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *1-2, 5-6 (M.D. Fla. Nov. 14, 2014); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").

Accordingly, it is **RECOMMENDED** that the Court strike the confidentiality provision, Doc. 27-1 at ¶ 8, from the Agreement.[5]

**C. Attorney Fees and Costs.**

Under the Agreement, Plaintiff's counsel will receive a total of $12,500.00 as attorney fees and costs. 27-1 at 2. The parties represented that the attorney fees and costs were "negotiated separately and without regard to the amount that was paid to Plaintiff." Doc. 27 at 5. The

---

[5] The Agreement includes a severability provision providing, in part, that "[t]he Parties agree that if any of the terms of this Agreement are, or become, null, void, unenforceable or inoperative for any reason, such provisions are, and shall be, severable and the remaining provisions of this Agreement are retained in full force and effect." Doc. 27-1 ¶ 11. Further, the parties requested in their Motion that the Court invoke the severability clause if necessary with respect to the confidentiality provision, and that the Court approve all other non-objectionable terms of the Agreement. Doc. 27 at 2 n.1.

settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 27) be **GRANTED in part** as follows:

1. The confidentiality provision, Doc. 27-1 at ¶ 8, be **STRICKEN** from the Agreement (Doc. 27-1);
2. The Agreement (Doc. 27-1) otherwise be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on August 1, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy